UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of ANDREW C. CHEN, an individual, doing business as TECTONICS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>K.O.O. CONSTRUCTION, INC., a California corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  19cv1535-JAH-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE FACT DISCOVERY**<br><br>**[ECF No. 30]** |
| K.O.O. CONSTRUCTION, INC., a California corporation,<br><br>　　　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>ANDREW C. CHEN, an individual, doing business as TECTONICS,<br><br>　　　　　　　　　　　　Counter Defendant. | |

///
///
///

Currently before the Court is the parties' joint motion requesting that the Court continue the deadline to complete fact discovery from June 10, 2020 to August 10, 2020. ECF No. 30. The parties state that this is their first request to modify the Scheduling Order, they have been working diligently to complete discovery, and they only require additional time for depositions to be taken. Id. at 2–3. The parties contend that some depositions need to be taken in person because (1) some depositions will include reference and review of extremely voluminous project plans, which "would be nearly impossible to reference" and "use them effectively as exhibits via a teleconference deposition"; and (2) the "architectural plans are far too detailed to be referenced and followed remotely" even if videoconference is used. Id. at 3; ECF No. 30-1, Declaration of Lauren B. Stec ("Stec Decl."), ¶ 6. The parties further claim that of the eleven witnesses who need to be deposed, six are Defendant's former employees and serving subpoenas "is expected to be difficult" during "the Coronavirus lockdown and the requirement to maintain social distancing." ECF No. 30 at 3; Stec Decl. ¶ 7.

"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). In employing the Federal Rules of Civil Procedure, courts and parties are required "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Pursuant to Rule 16, the Court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."[1] See Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id.

---

[1] The word "Rule" in this order refers to the Federal Rules of Civil Procedure, unless specified otherwise.

     The Court fails to find good cause to extend the fact discovery deadline for sixty days. One reason for the requested extension is that serving subpoenas to six deponents will be difficult at this time, but the Court is not convinced by this vague and unsubstantiated claim. The primary reason the parties seek the continuance is because they hope the physical distancing and stay-at-home orders required by the current pandemic will be lessened to allow for in-person depositions in the near future. This, however, is pure speculation. It is not feasible for the Court to extend deposition deadlines until a time when they can be safely conducted in person because no one knows when that will occur and there are alternatives. Rule 30(b)(4) allows depositions to "be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The Court authorizes the use of remote depositions by videoconference in this action, which will help secure a "just, speedy, and inexpensive determination." Fed. R. Civ. P. 1; see also Velicer v. Falconhead Capital LLC, No. C19-1505 JLR, 2020 WL 1847773, at *2 (W.D. Wash. Apr. 13, 2020) (finding no good cause to extend scheduling order deadlines by ninety days and urging the parties to consider remote depositions); Sinceno v. Riverside Church in City of New York, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (authorizing remote depositions "[i]n order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding'" (citation omitted)).

     The Court is not convinced that voluminous and highly detailed exhibits are a bar to remote videoconference depositions. Other courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently. See Kaseberg v. Conaco, LLC, No. 15cv01637-JLS-DHB, 2016 WL 8729927, at *6 (S.D. Cal. Aug. 19, 2016) (requiring a copy of exhibits intended to be used at a remote deposition to be sent to deponent's attorney at least twenty-four hours in advance of the deposition); Carrico v. Samsung Elecs. Co., No. 15-CV-02087-DMR, 2016 WL 1265854, at *2 (N.D. Cal. Apr. 1, 2016) (approving methods such as exchanging Bates-stamped documents in advance of a remote deposition

or using modern videoconference software to share documents and images); Lopez v. CIT Bank, N.A., No. 15CV00759BLFHRL, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (disagreeing that reviewing complicated exhibits remotely would be impracticable because exhibits can be shared with modern videoconference software or by distributing Bates-stamped copies); Lott v. United States, No. C-07-3530 PJH (EMC), 2008 WL 2923437, at *1 (N.D. Cal. July 25, 2008) (finding no prejudice incurred in remote depositions that require reference to critical exhibits such as photographs, diagrams, and drawings because the exhibits may be sent to the deponent in advance of the deposition).

While the Court is sympathetic to the challenges to the legal community during this pandemic, attorneys and litigants are adapting to new ways to practice law, including preparing for and conducting depositions remotely. Grano v. Sodexo Mgmt., Inc., No. 18cv1818-GPC(BLM), 2020 WL 1975057, at *3 & n.5 (S.D. Cal. Apr. 24, 2020) (collecting cases). In addition to finding no good cause to extend fact discovery for sixty days, the Court also finds the parties have not diligently sought to complete depositions because they are rejecting the use of remote videoconference depositions for reasons of convenience and not true prejudice. However, the Court, in its discretion, will allow a short continuance for the parties to complete depositions remotely "to secure the just, speedy, and inexpensive determination" of this action. See Fed. R. Civ. P. 1; Little v. City of Seattle, 863 F.2d at 685. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the joint motion as follows:

The fact discovery deadline of June 10, 2020 will be extended to **July 10, 2020** for the sole purpose of completing depositions remotely.

**IT IS SO ORDERED**.

Dated: May 8, 2020

Honorable Linda Lopez
United States Magistrate Judge